United States District Court
Southern District of Texas
**ENTERED**
March 03, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MARC MALACOFF,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-3351** |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| **Defendant.** | | |

## MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Marc Malacoff's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 17) and Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment (Dkt. No. 20). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

## I.      BACKGROUND

On September 29, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. No. 9.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

benefits under Title II of the Social Security Act.[3] On June 4, 2018, Plaintiff filed an application for benefits claiming an inability to work since March 31, 2016, due to psoriatic arthritis, diabetes, neuropathy, and depression.[4] The SSA found Plaintiff was not disabled at the initial level of review in August 2018 and again, upon reconsideration, in January 2019.[5] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[6]

On October 31, 2019, the ALJ conducted a hearing.[7] The ALJ heard testimony from Plaintiff and vocational expert Thomas King.[8] On November 14, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[9] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2016, through the date of this decision . . . ."[10] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[11] On August 18, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[12]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[13]

---

[3] *See* Dkt. No. 1.
[4] *See* Dkt. No. 13-4 at 2–3.
[5] *See id.* at 13, 27.
[6] Dkt. No. 13-5 at 27.
[7] *See* Dkt. No. 13-3 at 34.
[8] *Id.*
[9] *Id.* at 11–23.
[10] *Id.* at 23.
[11] *See* Dkt. No. 13-6 at 38.
[12] Dkt. No. 13-3 at 2.
[13] *See* Dkt. No. 1.

## II.     LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*,

595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III.   DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment

prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed four steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2016.[14] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: high blood pressure, neuropathy, gout, insomnia, degenerative joint disease of the right thumb, obesity, psoriatic

---

[14] Dkt. No. 13-3 at 14.

arthritis, diabetes, depression, and anxiety.[15] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[16] The ALJ found Plaintiff had the RFC to perform light work as defined in the Commissioner's regulations with certain limitations.[17] At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as an IT security manager.[18] Therefore, the ALJ found Plaintiff was not disabled as defined under the Social Security Act.[19]

Plaintiff moves to reverse the ALJ's decision, arguing that the ALJ's RFC finding is not supported by substantial evidence and is the result of legal error.[20] Specifically, Plaintiff argues the ALJ (1) failed to incorporate appropriate non-exertional limitations into Plaintiff's RFC; (2) conflated the step three analysis with step four by using "paragraph B and C" when assessing Plaintiff's RFC; and (3) incorrectly determined whether Plaintiff could perform past relevant work based on a flawed RFC.[21] Conversely, Commissioner argues that substantial evidence supports the ALJ's RFC finding and past relevant work determination.[22]

As to the non-exertional limitations, Plaintiff argues the ALJ failed to account for Plaintiff's depression in the RFC finding.[23] Commissioner argues "the ALJ did include such limitations by finding that Plaintiff can perform the tasks assigned, but not always at a production rate pace; he

---

[15] *Id.*
[16] *Id.*
[17] *Id.* at 16–17.
[18] *Id.* at 22.
[19] *Id.* at 23.
[20] Dkt. No. 17-1 at 4.
[21] *Id.* at 4–7.
[22] *See* Dkt. No. 21 at 5–12.
[23] Dkt. No. 17-1 at 4–5.

can meet the end of the day work goals; and he can occasionally adapt to rapid changes in the workplace."[24] The Court agrees with Commissioner.

In the RFC analysis, the ALJ acknowledged that Plaintiff complained of depression, and noted that Plaintiff "has received mental health treatment from his primary care physician who prescribed medication for his mental health."[25] The ALJ considered medical reports that showed Plaintiff had no abnormal mood, depression, or agitation.[26] The ALJ also stated that Plaintiff has "adapted well to maintaining personal care, cooking, cleaning, performing petcare, driving, going out alone and attending appointments."[27] Thus, the ALJ found Plaintiff could perform assigned tasks, but not always at a "production rate pace."[28] Therefore, the Court disagrees with Plaintiff's argument that the ALJ failed to incorporate appropriate non-exertional limitations into Plaintiff's RFC. *See Jacobs v. Berryhill*, No. 5-17-CV-429, 2018 WL 3323764, at *5 (W.D. Tex. July 6, 2018), *report and recommendation adopted*, No. 5-17-CV-429, 2018 WL 4688775 (W.D. Tex. July 24, 2018) ("[C]ontrary to [Plaintiff's] assertions, the ALJ here *did* adopt mental limitations when formulating [Plaintiff's] residual functional capacity.") (emphasis in original).

Plaintiff also argues the ALJ conflated the step three analysis with step four when assessing Plaintiff's RFC.[29] Specifically, Plaintiff states the ALJ did not follow Social Security Ruling 96-8p because she used the limitations found in her analysis of "paragraph B" and "paragraph C" criteria at step 3 as the assessment of Plaintiff's mental RFC at step 4 and step 5.[30] The portion of

---

[24] Dkt. No. 21 at 8.
[25] Dkt. No. 13-3 at 20.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] Dkt. No. 17-1 at 5.
[30] Dkt. No. 22-1 at 3.

Social Security Ruling 96-8p that Plaintiff refers to states:

> The psychiatric review technique described in 20 CFR 404.1520a and 416.920a and summarized on the Psychiatric Review Technique Form (PRTF) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.[31]

Plaintiff points to two examples. First, Plaintiff emphasizes the last sentence of the ALJ's step three analysis that states "[t]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."[32] Plaintiff argues this is the ALJ acknowledging the use of paragraph B criteria at step four.[33] The Court disagrees. This is a routine sentence found in ALJ decisions and does not suggest the ALJ used an improper analysis in determining Plaintiff's RFC. Second, Plaintiff states the following portion of the ALJ's RFC explanation uses paragraph C criteria:

> [Plaintiff's] mental health therapy included some psychosocial support, but he has not required placement in a hospital, board and care facility, day treatment program, or other environment that provides a highly supportive living arrangement for persistent or uncontrolled psychiatric symptoms. He has not had any chronically positive clinical findings on repeat mental status exams, no episodes of decompensation and no admissions to the hospital for

---

[31] *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996).

[32] Dkt. No. 17-1 at 5.

[33] *Id.*

uncontrolled symptoms.[34]

At step 3, paragraph C considers "Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder." *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.01(C). As with Plaintiff's paragraph B argument, the Court disagrees. The ALJ provided a detailed assessment of Plaintiff's medical history that went beyond paragraph C consideration. *See Mendez v. Saul*, No. 7:19-CV-291, 2021 WL 1217376, at *11 (S.D. Tex. Jan. 6, 2021), *report and recommendation adopted*, No. CV M-19-291, 2021 WL 1215842 (S.D. Tex. Mar. 31, 2021) ("Plaintiff's argument misconstrues the relationship between the ALJ's step three findings and his RFC determination.").

Lastly, with regard to Plaintiff's lumbar pain, Plaintiff argues the ALJ "improperly applied her own speculative inferences to the qualitative descriptions to see an inconsistency where there was none."[35] The Court disagrees. Plaintiff focuses on the ALJ's cite to one physical therapy report, but fails to take into account that the ALJ's RFC determination is based on the entire record. *See Ong v. Saul*, No. 4:18-CV-3577, 2020 WL 164559, at *4 (S.D. Tex. Jan. 13, 2020); *Gray v. Astrue*, No. 1:09-CV-0101, 2011 WL 856941, at *5 (N.D. Tex. Mar. 11, 2011) ("The RFC assessment is based upon all of the relevant evidence in the case record, including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations."). In her thorough review of the record, there is nothing to suggest the ALJ only relied on evidence that supports her position. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)

---

[34] *Id.*

[35] *Id.* at 6.

(citing to specific language from the ALJ's decision where the ALJ made his own medical conclusions as to what symptoms a claimant would experience based on his alleged impairments).

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Instead, the Court reviews whether substantial evidence supports the ALJ's RFC determination. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). Here, "[t]he ALJ properly discussed the evidence in the record in making the residual-functional-capacity determination, explained the reasoning for the determination, and exercised her responsibility as factfinder in weighing the evidence and choosing to incorporate limitations into the residual-functional-capacity assessment that were most supported by the record." *Jacobs*, 2018 WL 3323764, at *6. Accordingly, the Court finds substantial evidence supports the ALJ's RFC determination.[36]

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

---

[36] As a result, the Court need not reach Plaintiff's argument regarding his past relevant work and prejudice argument.

It is so **ORDERED**.

**SIGNED** in Houston, Texas on March 3, 2022.

Sam S. Sheldon
United States Magistrate Judge